**Adelaido LUJAN, Plaintiff-Appellant,**

v.

**UNITED BANK OF GREELEY, Defendant-Appellee.**

**No. 84CA0167.**

Colorado Court of Appeals, Div. I.

May 2, 1985.

David L. Kofoed, P.C., Scott R. Larson, Denver, for plaintiff-appellant.

West & Winters, William L. West, Greeley, for defendant-appellee.

ENOCH, Chief Judge.

This is an action against defendant, United Bank of Greeley (the bank), for breach of fiduciary duty stemming from the bank's distribution of the corpus and accumulated income of a testamentary trust. Plaintiff, Adelaido Lujan, appeals from the judgment for the bank. We affirm.

On March 30, 1976, Violet Holden died testate, leaving two children, a son, B.L. Holden, and a daughter, Betty Jean Perry. Paragraph Fourth of her will devised one-half of the residue of her estate, less the sum of $30,000, to her son. It further provided that "[i]n the event that [son] does not survive me or survive the distribution of my estate, then the share of my estate which he would have inherited under this my Last Will and Testament, shall be distributed unto the trustee hereinafter named, IN TRUST NEVERTHELESS, for the use and benefit of my daughter...."

Paragraph Fifth of the will devised the remainder of the residuary estate to the bank to be held in trust for the use and benefit of daughter. It further provided that "[i]n the event that [daughter] does not survive me or survive the distribution of my estate, then the share or interest she would have inherited under this my Last Will and Testament shall go to and be distributed unto my son...." In the event daughter died after the creation of the trust and son was not then living, paragraph Fifth devised and bequeathed the corpus of the trust and any accumulated income to a charity.

Following the death of Violet Holden and probate of her will, daughter married plaintiff. Eleven months later, she died intestate. The bank then distributed the corpus and accumulated income of the trust to son.

Thereafter, plaintiff filed this suit, alleging that the bank had failed to give him notice of the distribution of the trust corpus, that the will did not provide for the distribution or vesting of the corpus of the trust, and that as Betty Jean's heir, he was entitled to take under the laws of intestacy. The pivotal issue before the court was whether the will provided for the distribution of the corpus of the trust estate under the existing circumstance in which daughter predeceased son. The trial court determined that under paragraph Fifth (b) of the will the corpus of the trust should pass to son. Alternatively, the trial court found that if paragraph fifth failed to dispose of the corpus of the trust, it would pass to son pursuant to § 15–11–606(2), C.R.S., as part of the residuary estate. Accordingly, judgment was entered for the bank, and plaintiff's case was dismissed with prejudice.

Plaintiff contends that the trial court erred in determining as a matter of law that the word "estate," as used in Para-

graph Fifth (b) of the will, meant trust estate as opposed to probate estate. We need not address this issue because we hold that the court was correct in its alternative finding.

Section 15–11–606(2), C.R.S., a rule of construction to prevent intestacy, provides that "if the residue is devised to two ... persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee...." Here, the residue was devised to the son and daughter and the daughter's share, or remainder of the trust, failed. Thus, this section controls and the court was correct in entering judgment for the bank.

We have considered plaintiff's other contentions and find them to be without merit.

Judgment affirmed.

VAN CISE and SILVERSTEIN, JJ.,* concur.